(43 App. Div. 169.)

COUNTRY CLUB LAND ASS'N v. LOHBAUER et al.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

CONTEMPT—INJUNCTION—FINES FOR VIOLATION.

    Under Code Civ. Proc. § 2284, providing that, where it is not shown in contempt proceedings that actual loss or injury has been produced (by reason of the misconduct proved against the offender), a fine must be imposed, not exceeding the amount of complainant's costs and expenses, and $250 in addition thereto, attorney's fees paid by complainant in the contempt proceeding and costs may be included in the fine, in addition to the $250 mentioned in the statute.

Appeal from special term, New York county.

Action by the Country Club Land Association against Frederick Lohbauer, individually, and another as sole surviving executor of, and trustee under, the last will and testament of William Laytin, deceased, for an injunction. Injunction was granted, and for a violation thereof defendants were fined, and appeal from the order. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

George S. Espenscheid, for appellants.
Charles D. Ingersoll, for respondent.

INGRAHAM, J. The action was brought to restrain the defendant from trespassing upon property described in the complaint, and which is alleged to be the property of the plaintiff. In the complaint it is alleged that the defendant Jenkins leased the property in question to the defendant Lohbauer; that Lohbauer moved thereon a small wooden shanty, and that at about the same time he moored a boat house in front of said plot, and subsequent thereto pulled the said house up, and placed the same on said plot near to the above-named shanty, and that from time to time, and since the early part of June, 1896, the said defendant has continued tres-

passing on said plot, and has kept said shanty and boat house on the plaintiff's property. The defendant, by his answer, admits that he took possession of, and used and occupied, the property, and resisted any interference with his possession attempted by plaintiff. Upon this complaint and affidavits an injunction was granted enjoining the defendant from trespassing upon the property in dispute, and "from making use of, or permitting or licensing any one else to make use of, the boat house and shanty on the shore of Pelham Bay, on the property of the plaintiff, near the southeast corner thereof, which was placed there by defendant, and from going on said boat house and shanty, and from permitting or licensing any one to go on the same, except for the purpose of removing the same from the property of the plaintiff, until the further order of this court." This order was accompanied by an order requiring the defendant to show cause why this injunction should not be continued until the final judgment in the action. The motion upon that order to show cause coming on to be heard, after hearing counsel for the defendant, the injunction was continued, and by the order continuing the same it was provided that during the pendency of the action the defendant Lohbauer, his agents, attorneys, and servants, and each of them, were enjoined and prohibited from entering or trespassing upon any of the property of the plaintiff, and "from interfering in any way with the plaintiff, its agents, or other persons, who, under authority of the plaintiff, shall be on or about the said property, and from injuring the fence and stone wall on the boundary of the plaintiff's property, and from making use of or licensing others to use the boat house or the shanty on the property of the plaintiff near the southeast corner thereof, and from going on said boat house or said shanty, except for the purpose of removing the same." This order continued in force until the trial of the action, upon which trial final judgment was rendered for the plaintiff. Notwithstanding this injunction, it appears that the defendant continued to occupy the boat house moored by him, and which it is claimed by the plaintiff is partly above high-water mark, upon the property in controversy. Shortly after the injunction was granted, in June, 1897, the plaintiff's attorney, by letter, notified the defendant's attorney that the injunction was disobeyed. To that the attorney replied, saying that, if the boat house was used, he would advise the defendant to discontinue its use. The use appears, however, to have still continued, and in December, 1898, the plaintiff made a motion to punish the defendant for contempt. In the meantime the case had been tried at special term, and Mr. Justice Pryor, before whom the motion to punish for contempt was heard, suggested that the motion should be deferred until the decision of the case. The case having been determined in favor of the plaintiff, the motion to punish the defendant for contempt was renewed, and resulted in an order adjudging the defendant guilty of contempt, and fining him the sum of $513.62, the amount of the plaintiff's reasonable costs and expenses, and $250 in addition thereto, and from that order this appeal is taken.

There can be no doubt that the injunction order restrained the

defendant from using this particular boat house that he had placed immediately in front of the plaintiff's property, and either partly upon the upland or upon the tideway in front of the property. The complaint describes but one boat house which had been placed in this position by the defendant, and it is this house that the injunction order restrains the defendant from using. It also appears that the defendant persistently disobeyed this injunction in continuing to use the boat house, notwithstanding that he was restrained from so doing, and he continued to use the house down to the time this motion was made. The first injunction was granted in September, 1896. In June, 1897, which would be the commencement of the summer season, during which a boat house would be in use, the defendant's attorney was notified that the injunction was being violated. That information resulted in a promise that the defendant's attorney would advise the defendant to refrain from its further use. Notwithstanding this information, the defendant continued to violate the injunction.

Whether or not this boat house was wholly or partly upon the tideway between high and low water mark is entirely immaterial. The order, in terms, forbade the defendant's using it. That order was violated, and for such violation the defendant was guilty of contempt. A more persistent and contemptuous violation of an order of a court has seldom been presented than the one detailed in the record before us; and we think the court was not only justified, but required, if any respect for its process or orders is to be expected, to punish the defendant. The court below found that the plaintiff's reasonable costs and expenses was the sum of $513.62, and fined the defendant that amount. That was based upon an affidavit of the treasurer of the plaintiff corporation that they had paid to the plaintiff's attorney for his legal services in the proceeding to punish the defendant for contempt the sum of $500. The $13.62 appears to have been for disbursements in serving the defendant with the injunction order and the order to show cause, and other expenses incident to the application to punish the defendant for contempt. By section 2284 of the Code, it is provided that, where it is not shown that actual loss or injury has been produced (by reason of the misconduct proved against the offender), a fine must be imposed, not exceeding the amount of the complainant's costs and expenses, and $250 in addition thereto. Under this section of the Code, the court was justified in fining the defendant the reasonable costs and expenses to which the plaintiff had been put in consequence of the misconduct proved against the defendant, and in addition thereto the sum of $250.

We think, therefore, that, the defendant being clearly guilty of contempt, the order punishing him, and imposing upon him a fine, was proper, and it is affirmed, with $10 costs and disbursements. All concur.