## In re WESTMINSTER REALTY CORPORATION.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. CONTEMPT—FICTITIOUS BAIL—EVIDENCE—PRESUMPTIONS.

Courts may make legitimate inferences of fact, and in contempt proceedings for furnishing straw bonds in proceedings to discharge a mechanic's lien, defendants are not to be presumed innocent of fraud simply because all the details of their dealings with the person furnishing the fraudulent bonds cannot be shown.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Contempt, § 183.]

2. SAME—EVIDENCE—SUFFICIENCY.

Evidence in contempt proceedings for furnishing fraudulent bond for discharge of a mechanic's lien examined, and *held* to warrant a finding that defendants knew the bond was fraudulent when it was offered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Contempt, §§ 185–187.]

3. SAME—FICTITIOUS BAIL—EVIDENCE—BURDEN OF PROOF.

Under Code Civ. Proc. § 14, subd. 2, making it a civil contempt to put in fictitious bail or sureties by which a right or remedy in a civil action is defeated or prejudiced, where, in proceedings to discharge a mechanic's lien, the owners knowingly filed fictitious bail, the burden is on them to explain or excuse their acts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Contempt, § 183.]

4. SAME—PERSONS LIABLE—CORPORATIONS—OFFICERS.

Though, under Code Civ. Proc. § 14, subd. 2, a "party" to the action or special proceeding may be punished for civil contempt for furnishing fictitious bail, the practice is to include in the contempt proceedings those who participate in the acts of the party; and, where a corporation was moved against for contempt in furnishing fictitious bail, its president was properly included in the proceedings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Contempt, § 87.]

5. SAME—HEARING—WAIVER OF ORAL HEARING.

Where the parties to proceedings for civil contempt submitted the case on affidavits without a request for a hearing by oral testimony, they thereby waived their right to such hearing.

6. SAME — APPEAL — ASSIGNMENT OF ERRORS — FAILURE TO ASSIGN ERROR — WAIVER.

Where an order of imprisonment, imposed in case of failure to pay a fine for civil contempt, did not limit the duration of the imprisonment, the question will not be considered on appeal, unless raised by the party so sentenced.

Appeal from Special Term, Kings County.

Application by the Westminster Realty Corporation, owner, for an order discharging a mechanic's lien. From an order adjudging the owners guilty of contempt in furnishing fictitious bail, they appeal. Affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Gilbert W. Minor, for appellants.

Lynn W. Thompson, for respondent.

GAYNOR, J. In a proceeding for the discharge of a mechanic's lien on the property of the appellant corporation, it presented and filed a bond with two sureties for the amount of the lien, and obtained an order thereon cancelling the same. The president of the said corporation executed the said bond in its name. The two sureties were fraudulent. They owned no property, and their affidavits of justification, stating parcels of real estate owned by them, were false. They were obtained by one Bough who was in the business of furnishing straw bonds and bail, and there is enough in the moving papers to enable a finding to be made that the said bond and sureties were paid for by the appellants. It is not to be presumed that they were furnished for nothing. The case is one of such gross fraud on the court and the lienor that the appellants are not to be presumed innocent of such fraud simply because it is impossible to show every detail of their employment of and dealing with Bough and the said sureties. Bough and his men certainly did not act as volunteers and for nothing. Courts do not shut their eyes to legitimate inferences. The appellants obtained a bond from a source that they could not help knowing by ordinary attention was fraudulent and corrupt, and the learned court below was warranted in drawing the conclusion from all of the facts and earmarks that they did know.

The moving papers were enough to put the appellants on their defence. They presented the fraudulent bond, and it was for them to excuse themselves for so doing. This they failed to do. The president in his affidavit says nothing of Bough, and only says of the two sureties that he had no "personal acquaintanceship" with them. He abstains from saying he knew nothing of them, and all explanation of how he got them. The only other affidavit for the appellants, that of their attorney in the proceeding for the cancellation, is also wholly reticent on the same head. Neither affidavit gives any facts in respect of the procuring of the sureties; and it should be added that the appellants never undid the wrong by having the order discharging the lien vacated, but have left it in force and taken all of the benefit of it.

It is held of the practice in cases of contempts in Slater v. Merritt, 75 N. Y. 268, as stated in the headnote, that "suspicious circumstances merely may, if unexplained, be in some cases sufficient, but are insufficient when they are met by positive and explicit testimony explaining them and fully clearing the party from all complicity with the persons doing the act." The facts against the appellants were more than suspicious. They exposed a gross fraud on the court and the lienor, of which the appellants were the beneficiaries, and remained such after

the fraud was fully exposed in court. They presented and filed the fraudulent bond, and make no explanation of how they procured it, or tending to show that they were imposed upon by Bough or any one else.

The appellants were found guilty of a civil contempt. As is pointed out in People ex rel. v. Dwyer, 90 N. Y. 406, the statute distinguishes between criminal contempts and civil contempts, in that a "willful" disobedience is a criminal contempt, while a mere disobedience by which the right of a party to an action is defeated or hindered may be a civil contempt. This distinction is made by the words of the statute. Code Civ. Proc. §§ 8, 14.

Subdivision 2 of section 14 makes "putting in fictitious bail or a fictitious surety," or "any deceit or abuse of a mandate or proceeding of the court," by which "a right or remedy" of a party to a civil action or proceeding "may be defeated, impaired, impeded, or prejudiced," a civil contempt. It is enough that the party moving to punish for contempt show that the party moved against did any of these things in order to make it incumbent on the latter to explain and exonerate himself. That the appellants put in a fictitious bond and fictitious sureties is undisputed. The affidavits of the sureties in respect of the property they alleged they owned was wholly fictitious; and in addition to that there is sufficient evidence to find that one of such sureties was personated by another both in signing the bond and making the affidavit.

The said subdivision in terms applies only to "a party to the action or special proceeding" as punishable, but the practice has been to include those who participate in the act of the party, and the president of the appellant corporation has been properly included in this proceeding. Lawrence v. Harrington, 63 Hun, 195, 17 N. Y. Supp. 649; Matter of Hopper, 9 Misc. Rep. 171, 29 N. Y. Supp. 715.

The appellants make the point that they were entitled to have an examination by oral testimony. It is enough that they did not ask for it, but on the contrary rested their defence on affidavits. If they wanted such a hearing (or interrogatories filed, which is the regular practice), they should have pursued that course. By submitting the case on affidavits they waived it. Rapalje on Contempts, § 122.

The order does not limit the duration of imprisonment in case the fine be not paid, as is pointed out in the respondent's brief, but as the appellants have not made any point or complaint of that we do not consider it.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.