(134 App. Div. 361.)

In re WOODS et al.

(Supreme Court, Appellate Division, First Department. October 22, 1909.)

CONTEMPT (§ 16*)—JUSTIFYING AS SURETY ON BOND.

Where persons justify on an undertaking for $5,000, on which an injunction was issued swearing that they were each worth $10,000 over and above all debts and liabilities and exclusive of the property exempt

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from sale under an execution, when they are in fact financially worthless to their own knowledge, they may be punished as for a contempt of court.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 45–47; Dec. Dig. § 16.*]

Appeal from Special Term, New York County.

Application by Albert H. Woods and another to punish Isidore Slonov and another for contempt of court. From an order denying the motion, movants appeal. Reversed, and motion granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Henry J. Goldsmith, for appellants.

Baker & Hyman (Sol. A. Hyman, of counsel), for respondent Schlemmer.

CLARKE, J. In January, 1907, an action was brought in the Supreme Court by one Harry Jame against Albert H. Woods for specific performance and writ of injunction. The Special Term made an order, dated February 2, 1907, requiring the plaintiff as a condition for granting such injunction, to file and serve upon said Woods a good and sufficient bond in the sum of $5,000, conditioned that the plaintiff would pay to the defendant all rental due by reason of the agreement between plaintiff and defendant pending the trial of the action and for all rents due or to become due from the said defendant by reason of the intended agreement and during all times that the said premises were actually occupied by the plaintiff during the pendency of this action. Thereafter the respondents, Isidore Slonov and Arthur G. Schlemmer, executed the required bond, and each swore that he was a resident and freeholder within the state of New York, and was worth twice the sum specified in the above undertaking over and above all debts and liabilities which he has incurred and exclusive of the property exempt by law from levy and sale under execution. These affidavits were verified February 6, 1907, and the undertaking was approved as to form and sufficiency by a justice of this court, and was served with a notice of filing and entry upon the said Woods. Thereafter Woods assigned his interest to Kelly, with a guaranty of the payment thereof, and an action was brought on said bond by Kelly, which was defended. It came on for trial on November 19, 1907, and a verdict was directed in favor of Kelly against the respondents for $1,668.22, and an execution was issued thereon and returned unsatisfied. The respondents were then examined in supplementary proceedings, and such examination disclosed that they were absolutely worthless financially. Thereupon this motion was made to punish respondents for contempt of court. Schlemmer appeared and interposed an opposing affidavit. Slonov appeared personally, but submitted no opposing papers. The court denied the motion to punish for contempt, and from the order entered thereon this appeal is taken.

We have made a careful examination of the papers submitted, and are thoroughly satisfied, from the examination in supplementary proceedings of each of the respondents and from the affidavits submitted,

that on February 6, 1907, when each of them verified the affidavit of justification upon the undertaking upon which the injunction was issued, neither of them was worth the sum of $10,000 over and above all debts and liabilities which each had incurred and exclusive of the property exempt by law from levy and sale under an execution, and that each of the respondents knew that he was not worth such sum, or anything like that sum; that the affidavits were false, and known to be false at the time they were verified. That a person who justifies as a surety on a judicial bond when he is in fact worthless is guilty of misconduct, and may be punished as for a contempt of court, there is no doubt. Matter of Hay Foundry & Iron Works, 22 App Div. 87, 47 N. Y. Supp. 802; Buffalo L. T. & S. D. Co. v. Medina G. & L. C. Co., 68 App. Div. 417, 74 N. Y. Supp. 486.

The order appealed from is therefore reversed, with costs of this proceeding in the court below and in this court; and it having been determined that the respondents have committed the offense charged, and that it actually did defeat, impair, impede, and prejudice the rights and remedies of a party to an action, the motion to punish for contempt is granted, and the respondents, and each of them, is adjudged guilty of contempt and fined the amount of the judgment, $1,668.22, and in default of payment the respondents should be committed to the county jail until such fine is paid. All concur.