(156 App. Div. 571.)

### DANZIGER et al. v. GOTTLIEB.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

INJUNCTION (§ 220*)—STAY—ORDER—CONSTRUCTION—CONTEMPT.

    A judgment restraining defendant from using the word "Lenox" in connection with the manufacture and sale of waists was stayed until February 11, 1913. A copy of the judgment was served on both defendant and his attorney December 13, 1912, from which defendant appealed and moved for a stay pending appeal, which was denied, and defendant appealed from the order denying such motion, which was affirmed March 14, 1913. On February 11th defendant's attorney applied to the Presiding Justice of the Appellate Division for an order to show cause why an order should not be made suspending "the operation of the judgment" until after the determination of defendant's appeal from the order denying his motion for a stay, which order was granted providing that until the determination of the motion proceedings to enforce the judgment should be stayed. Defendant and his attorney were both notified by plaintiffs' attorney that this order did not stay the injunction, but they claiming the contrary defendant continued to use the word "Lenox" in violation of the injunction. *Held*, that such order did not operate as a stay, and that defendant's use of the enjoined word constituted a willful contempt for which he was subject to punishment.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 442; Dec. Dig. § 220;* Appeal and Error, Cent. Dig. § 2207.]

Appeal from Special Term, New York County.

Action by Charles S. Danziger and another against Joseph Gottlieb. From an order denying plaintiffs' motion to punish defendant for contempt for violating an injunction restraining defendant from using

the word "Lenox" in connection with the manufacture and sale of waists, plaintiffs appeal.   Reversed, and motion granted.

See, also, 140 N. Y. Supp. 1115.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Otto C. Sommerich, of New York City, for appellants.
Charles Eno, of New York City, for respondent.

PER CURIAM.   The injunction was contained in a judgment of the Special Term entered upon the trial of the issues in this action, by which judgment the defendant was found to have been guilty of unfair trade, and of palming off his goods as the goods of the plaintiffs.   The judgment contained a stay of 60 days after entry and notice.   A copy of the judgment with notice of entry was personally served on both the defendant and Charles Eno, his attorney, on December 13, 1912.   The stay expired February 11, 1913.   The defendant promptly appealed from the judgment and moved this court for a stay pending such appeal, which motion was on January 31st denied with leave to apply at Special Term.   Thereafter defendant applied to the Special Term for a stay, which application was denied. From the order entered on this motion defendant appealed, and the order was on March 14, 1913, affirmed by this court.

On February 11th defendant's attorney applied to the Presiding Justice of this court for an order for plaintiffs to show cause why an order should not be made suspending *the operation of the judgment,* until after the determination of the defendant's appeal from the order of the Special Term denying his motion for a stay.   The proposed order to show cause as presented to the Presiding Justice contained the following clause:

"In the meantime, and until twenty days after the hearing and determination of this motion, let the operation of the judgment in the above-entitled action be and the same hereby is stayed."

Before the Presiding Justice signed the order, he struck out the words "twenty days after" and also the words "let the," and "operation of," and inserted "proceedings to enforce," so that the order as thus modified read:

"In the meantime, and until the hearing and determination of this motion, proceedings to enforce the judgment in the above-entitled action, be and the same hereby is stayed."

On February 13th, plaintiffs' attorneys informed defendant's attorney by letter that the stay had expired and that they would consider any failure to observe the injunction, as contempt of court.   This letter defendant's attorney acknowledged on the same day, in a letter saying:

"You were served on February 11, with an order to show cause staying the *enforcement of the judgment* until the determination of the motion which I made for a stay pending the appeal. * * * I assume that that operates as a stay and as a suspension and it was made for that purpose in view and such information was conveyed to the Judge who signed the order."

On the following day, plaintiffs' attorneys replied to the foregoing letter, saying:

"As appears from the order to show cause, Presiding Justice Ingraham struck out the stay of the operation of the judgment, but merely directed a stay of the proceedings to enforce the judgment. Under the circumstances, it is obvious that Presiding Justice Ingraham enjoined merely proceedings to punish for contempt and therefore any violation of the injunction contained in the final judgment since the 10th day of February, 1913, must be considered a contempt of court."

On February 18th plaintiffs' attorneys wrote to defendant himself calling his attention to the scope of the injunction contained in the judgment, and to the fact that his attorney "has taken the position that the judgment has been suspended as to its operation." In the same letter, plaintiffs' attorneys further said:

"Let us inform you that all that Presiding Justice Ingraham did was to enjoin proceedings to punish you for contempt pending the determination of the appeal from the order of Mr. Justice Ford denying your motion for the continuation of the suspension of the operation of the judgment. You will therefore take notice that the violation of the judgment is absolutely at your peril."

The motion for the order now under review was heard at Special Term on March 12th. On the hearing, it was expressly conceded by the defendant's attorney in open court that the defendant had not respected the injunction, and that, after the expiration of the 60 days' stay contained in the judgment, he continued the use of the enjoined name practically as before.

A bare recital of the foregoing facts makes it apparent that the plea of the defendant and his attorney that they misapprehended the scope of the order of the Presiding Justice, and that the violation of the injunction was due to their belief that said order operated as a stay, is without a shred of justification. The effect and purpose of the modification made by the Presiding Justice of the order presented to him for signature was perfectly plain, and could not have been misapprehended by any man of sufficient intelligence to gain admission to the bar. Furthermore, if it were possible to conceive that the defendant's attorney might, under some circumstances, have had a sincere doubt as to the true construction of that order, the fact that such construction was expressly called to his attention by the letter to him of February 14th from plaintiffs' attorneys would be sufficient to characterize his subsequent conduct. The letter of February 18th, from plaintiffs' attorneys to the defendant himself, in like manner, robs him of any opportunity to claim misapprehension or misunderstanding of any sort as to the continuing force of the injunction, and wholly defeats his attempt to protect himself by the statement in his attorney's affidavit that the latter advised him that the judgment was stayed.

The case is one of wanton and inexcusable disregard of a solemn order of this court without an exculpating circumstance of any kind. The defendant is clearly guilty of contempt, and should have been adjudged guilty thereof by the court at Special Term.

The order should be reversed with $10 costs and disbursements, and the motion to punish granted with $10 costs, and the defendant fined $250 and to stand committed until paid.