## SLACKMAN v. KAUFMAN.

(Supreme Court, Special Term, Kings County.  August 23, 1916.)

1. CONTEMPT ☞61(1)—MOTION TO PUNISH—PROCEEDINGS.

Although the usual procedure on motion to punish for contempt by taking testimony on application of either party may be waived, the court may on its own motion direct that it be taken.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 188, 190, 191; Dec. Dig. ☞61(1).]

2. INTOXICATING LIQUORS ☞279—REGULATION OF SALE—VIOLATION OF INJUNCTION—EVIDENCE.

Evidence *held* to show that accused violated injunction restraining sale of intoxicating liquors, though the business was nominally his daughter's.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 414; Dec. Dig. ☞279.]

3. CONTEMPT ☞60(1)—BURDEN OF PROOF.

In punishing for contempt of court, it is enough to show that defendant did any act prohibited, and it is then necessary for him to explain and exonerate himself.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 183; Dec. Dig. ☞60(1).]

4. INTOXICATING LIQUORS ☞279—VIOLATION OF INJUNCTION—EFFECT OF APPEAL.

The fact that the defendant has appealed from the judgment enjoining him from selling intoxicating liquors, and that that appeal is pending, is no excuse for a violation of the judgment.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 414; Dec. Dig. ☞279.]

5. CONTEMPT ☞61(3)—SCOPE OF INVESTIGATION—JUDGMENT.

Judgment of court having jurisdiction, not being void, cannot be reviewed in contempt proceeding for its alleged violation.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 192; Dec. Dig. ☞61(3).]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. CONTEMPT ⬯74—CIVIL ACTIONS—PROOF OF DAMAGE.
    To warrant fine covering damages of plaintiff in civil contempt proceeding, the damages must be proved as in an action.
    [Ed. Note.—For other cases, see Contempt, Cent. Dig. § 257; Dec. Dig. ⬯74.]

7. CONTEMPT ⬯75—CIVIL ACTIONS—PROOF OF DAMAGE—PENALTY.
    When no damages are proved in civil contempt proceeding, the fine must, under Judiciary Law (Consol. Laws, c. 30) § 773, be limited to $250 and plaintiff's costs and expenses, and he may also be imprisoned, as provided by section 774.
    [Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 258-260; Dec. Dig. ⬯75.]

8. INTOXICATING LIQUORS ⬯279—INJUNCTION—CONTEMPT—PROOF OF DAMAGE.
    Violation of judgment restraining sales of intoxicating liquors is a contempt, punishable under Judiciary Law, §§ 773, 774, even though damages to plaintiff in civil contempt proceedings are trivial.
    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 414; Dec. Dig. ⬯279.]

9. CONTEMPT ⬯74—CIVIL ACTIONS—PROOF OF DAMAGE—PENALTY.
    Although Judiciary Law, § 773, provides for allowance of costs and expenses of plaintiff in civil contempt proceeding, they cannot be allowed unless he makes proof thereof.
    [Ed. Note.—For other cases, see Contempt, Cent. Dig. § 257; Dec. Dig. ⬯74.]

Motion by Harry Slackman to punish Charles Kaufman for contempt of court. Punishment imposed.

Albert A. Levin, of Brooklyn, for plaintiff.

A. Frank Cowen, for defendant.

CROPSEY, J. The plaintiff moves to punish the defendant for a contempt of court. It is claimed that the defendant has violated an intermediate injunction order and also the judgment entered herein. Both in substance enjoined the defendant from carrying on the liquor business within a certain section, either directly or indirectly. The intermediate order enjoined the defendant pending the trial, and that, of course, was terminated by the judgment. The fact that the defendant violated that order is shown. Moreover, it is found in the decision of the court upon which the judgment was rendered. There it was expressly found that the defendant was conducting the liquor business within the prohibited area and after the issuance of the injunction order; but, inasmuch as that order was not in force at the time this motion was made, it may not be clear that the defendant can be punished as for a contempt for a violation of it. See Hayes v. Hayes, 150 App. Div. 842, 135 N. Y. Supp. 225; Taber v. Manhattan Ry. Co., 14 Misc. Rep. 189, 192, 193, 35 N. Y. Supp. 465; Shepard v. Shepard, 99 App. Div. 308, 90 N. Y. Supp. 982.

[1, 2] It is equally clear that the defendant has violated the judgment and has been guilty of a contempt of court. While neither party requested the taking of testimony upon this application, which is the usual procedure in such matters, although it may be waived (Matter of Westminster Realty Corp., 123 App. Div. 797, 800, 108 N. Y.

Supp. 551), the court of its own motion directed that oral testimony be taken. Upon all the proof thus elicited, as well as upon the affidavits submitted, the conclusion above stated was irresistible. The defendant has been clearly shown to have assisted in the conduct of the saloon business in the prohibited area, even if a finding was not justified that he in fact conducted the business. But such a finding would be sustained. A similar finding is contained in the decision of the court which tried the case. The fact that the saloon is conducted nominally in the name of defendant's daughter can deceive no one when the testimony is considered. When the saloon was first opened in the name of the daughter, she had no bank account. About three months later she, for the first time, opened such an account. That was at the time that the preliminary injunction was granted. For the three months intervening the opening of the saloon and the granting of the injunction, defendant's bank account was very active. Deposits were made in it almost daily, sometimes two or three in one day, although he testified that his sources of income during that period were very limited, and under his testimony such deposits could not be explained. As soon as his daughter opened her bank account, the deposits in defendant's bank account ceased. It is apparent that the receipts from the business during those three months were deposited in defendant's account. It is not claimed that any new relationship was then created between the defendant and his daughter; and while thereafter the receipts were deposited in the daughter's account, it must be found that the business was really the defendant's, and being conducted for him, as well as by him. This is shown by the other proof in the case, in addition to the matters referred to.

[3] In punishing a party for a contempt of court, it is enough to show that he did any of the things prohibited. It is then necessary for him to explain and to exonerate himself, if he can. Matter of Westminster Realty Corp., 123 App. Div. 797, 799, 108 N. Y. Supp. 551.

[4, 5] The fact that the defendant has appealed from the judgment enjoining him, and that that appeal is pending, is no excuse for a violation of the judgment. People ex rel. Day v. Bergen, 53 N. Y. 404, 410; Danziger v. Gottlieb, 156 App. Div. 571, 141 N. Y. Supp. 361. Nor is it any answer upon this motion to urge that the judgment was improvidently or erroneously made. It is clear that the court had jurisdiction, and as the judgment, therefore, is not void, it cannot be reviewed in a contempt proceeding. Clark v. Bininger, 75 N. Y. 344, 350, 351; Matter of Empire State Surety Co., 164 App. Div. 586, 589, 150 N. Y. Supp. 398; People ex rel. Negus v. Dwyer, 90 N. Y. 402, 408, 409; Ketchum v. Edwards, 153 N. Y. 534, 538, 539, 47 N. E. 918.

[6] The plaintiff offered some proof to establish what he claims were the damages sustained by reason of defendant's violation of the judgment. The plaintiff's proof, however, looking to this end, is unsatisfactory, and no finding can be made as to what his damages were. The plaintiff has treated the defendant's violation as constituting a civil contempt, under subdivision 3 of section 753 of the Judiciary Law,

and has asked that a fine be imposed commensurate with the damages he has suffered. But such a fine cannot be laid because of the insufficiency of the plaintiff's proof. To warrant the laying of a fine to cover the plaintiff's damages, those damages must be proved the same as in an action. Moffat v. Herman, 116 N. Y. 131, 22 N. E. 287; Dejonge v. Brenneman, 23 Hun, 332; Buffalo L. T. & S. D. Co. v. Medina G. & E. L. Co., 68 App. Div. 414, 418, 74 N. Y. Supp. 486; Ross v. La Cagnina, 68 Misc. Rep. 497, 124 N. Y. Supp. 753.

[7, 8] When no damages are proved, the fine must be limited to $250 and the amount of the plaintiff's costs and expenses (section 773, Judiciary Law; Matter of Empire State Surety Co., 164 App. Div. 586, 589, 150 N. Y. Supp. 398; Socialistic Co-op. Pub. Assn. v. Kuhn, 164 N. Y. 473, 475, 58 N. E. 649); and it is a contempt of court punishable as above provided, even though the damages to plaintiff were trivial (Mutual Milk & Cream Co. v. Heldt, 123 App. Div. 509, 108 N. Y. Supp. 565). The law also provides that there may be imprisonment as well as the fine. Section 774, Judiciary Law.

[9] The plaintiff has made no proof of his costs and expenses referred to in section 773, and so no provision can be made for those. Country Club Land Ass'n. v. Lohbauer, 43 App. Div. 169, 59 N. Y. Supp. 389.

The violation of the defendant has not been merely casual or incidental. It has been continued and deliberate. He not only violated the injunction order, and was found to have done so by the judgment, but he continued to conduct the business in the same way after the judgment was entered. Had the plaintiff established his damages by credible proof, a fine sufficient to cover them would have been imposed. As it is, a fine of $250 must be imposed. If that is paid within five days, no imprisonment will be inflicted. If it is not so paid, the defendant must stand committed to the county jail.

Settle order on notice.