No. 30,265

THE STATE OF KANSAS, *Plaintiff*, v. FRANK ARNOLD, W. H. HAZELTON and J. A. COOK, *Defendants.*

(23 P. 2d 489.)

Opinion filed July 8, 1933.

*Roland Boynton,* attorney-general, *Walter T. Griffin,* assistant attorney-general, and *Guy Neal,* county attorney, for the plaintiff.

*Al F. Williams,* of Topeka, *Don H. Elleman,* of Columbus, and *Tom Harley,* of Wichita, for defendant Frank Arnold.

The opinion of the court was delivered by

JOHNSTON, C. J.: An accusation of contempt of the supreme court was filed by the attorney-general, charging Frank Arnold, W. H. Hazelton and J. A. Cook with having committed a fraud and imposition upon the court by procuring a stay of judgment and the release of a convict who had taken an appeal upon a worthless bond.

It appears that on April 19, 1930, B. A. Turner was found guilty of the crime of murder and was sentenced by the court to serve the remainder of his life in the state penitentiary. An appeal was taken to this court by Turner, and upon an application Turner obtained an order staying the execution of the judgment upon the giving of a good and sufficient bond in the sum of $20,000, to be approved by the clerk of the court, and that upon approval Turner was to be released from the custody of the warden of the state penitentiary. Fraudulent representations in procuring the release were charged against respondents. After the accusation was filed the court appointed Howard T. Fleeson as commissioner to take the testimony upon the charge and to make findings of fact and law in the case. The testimony of more than forty witnesses was taken, and findings of fact and conclusions of law were reported by the commissioner to the court. It was found that Arnold, Hazelton and Cook were all guilty of criminal contempt. As to the facts the commissioner found, among other things, that Frank Arnold, a professional bondsman, undertook to procure Turner's release and presented to the clerk of the court a bond in the stated amount of $20,000 and procured Hazelton and Cook to qualify as sureties in reply to inquiries by the clerk as to their qualifications. Hazelton represented that he owned a bottling works property in Wichita worth from $35,000 to $40,000, and Arnold corroborated the statement of Hazelton in respect to the property and its value. Some papers were presented, made by officers of Sedgwick county, certifying that the property had been conveyed to Hazelton and that it was worth $30,000. Arnold stated to the clerk that he was well acquainted with Hazelton and would vouch for anything he qualified for. At the time these representations were made Hazelton could not qualify on a bond for any amount. He owned a property in Wichita, which was his homestead and was exempt from execution. He had only an equity of redemption in what is spoken of as the bottling works property.

The reasonable market value of that property was shown to be $16,500. It had been sold in a foreclosure proceeding in May, 1930, to a purchaser for $12,338.11, and the period of redemption expired November 14, 1931.

In addition to the foreclosure proceedings there were sixteen unpaid judgments in the district court of Sedgwick county against Hazelton, amounting in all to $8,323.71, and some of these judgments were on bond forfeitures on bonds which Hazelton had given.

The commissioner found that Hazelton had full knowledge of the fact that he could not qualify on a bond for any amount, and that less than a year before he was before the court in proceedings in aid of execution, and his own testimony there disclosed that he had no property subject to execution.

As to Cook, there was a requirement that one of the sureties on the bond should be a citizen of Harper county, where the conviction was obtained, and Cook undertook to qualify as a citizen of Harper county. It was shown, however, and the court found that he was not a resident of that county and never had been, but had been a resident and voter of Sedgwick county for eight years. The property which he listed and claimed to own was situate in Hutchinson, and he represented that it was worth at least $10,000. That property consisted of eight lots situated in the vicinity of an industrial part of the city and was assessed at a valuation of $40 each, the taxes on which had not been paid for three years and, further, had been conveyed by Cook to another in September, 1930. Arnold verified the statement made by Cook with reference to the property and its value, and said he knew the value of the property since he had sold it to Cook in January, 1929, taking back a mortgage in the amount of $628. There had been a release of this mortgage June 16, 1930, which was not filed of record until November 3, 1931, and Cook did not appear to know that the mortgage had been released, as he had later conveyed the property subject to this mortgage. As in the case of Hazelton, Arnold stated that he was well acquainted with Cook and vouched for his statements in regard to his qualifications.

The finding made by the commissioner is that the bond was made at the solicitation of Arnold, and that he procured the sureties to sign the bond with full knowledge of their lack of financial responsibility, was in charge of the trip to Topeka to secure the approval of the bond, and had conceived the fraud and had vouched for the

statements of Hazelton and Cook, well knowing the falsity of their statements.

The evidence fully supports the findings and conclusions of the commissioner. The conduct of the three parties charged appears to be nothing less than a willful and intentional purpose to procure the approval of a worthless bond and thus obtain the release from custody of the convict, Turner. It constituted a fraud upon the court and a plain case of contempt. There can be no doubt of the power of the court to take cognizance of such conduct or to impose punishment therefor. It has been held that there is inherent power in the court to punish for contempt, and the accused parties have had due notice and ample opportunity to explain or defend against the charge. (*State v. Rose,* 74 Kan. 262, 86 Pac. 296; *State v. Marshall,* 95 Kan. 628, 148 Pac. 675.)

It is hardly necessary to cite authorities that the deceit and fraud practiced by the defendants in this proceeding was a contempt of court, but see *In re Woods,* 119 N. Y. Supp. 69, 71, where it was said:

"That a person who justifies as a surety on a judicial bond when he is in fact worthless, is guilty of misconduct and may be punished as for a contempt of court, there is no doubt." (Citing authorities.)

See, also, *Eagan v. Lynch,* 3 N. Y. Civ. Pro. Rep. 236; *In re Westminster Realty Corporation,* 108 N. Y. Supp. 551.

The fact that Turner was afterwards produced and was returned to the custody of the warden of the state penitentiary does not lessen the gravity of the contemptuous conduct of the accused.

Nothing remains but to determine what punishment shall be imposed, and the judgment of the court is that Frank Arnold be imprisoned in the county jail of Shawnee county, Kansas, for a term of thirty days, and pay a fine of $500; that W. H. Hazelton and J. A. Cook each be imprisoned in the county jail of Shawnee county, Kansas, for a term of thirty days, and each of them shall pay a fine of $250.