FRANCES BURNS, Plaintiff, v. HENRY T. BURNS, Respondent, and SANFORD H. E. FREUND, Defendant-Appellant.— Appeal by Sanford H. E. Freund from an order dated October 24, 1944, granting his motion for reargument of a motion to vacate an order dated August 16, 1944, and upon said reargument adhering to the original denial of the motion to vacate. Order insofar as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Close, P. J., Hagarty, Carswell, Johnston and Aldrich, JJ., concur. Appeal by Sanford H. E. Freund from an order dated October 27, 1944, resettling an order dated October 24, 1944, adjudging him guilty of contempt of court and providing punishment therefor. Order affirmed, with ten dollars costs and disbursements. No request was made for the taking of oral testimony. The right was therefore waived. (*Matter of Westminster Realty Corporation*, 123 App. Div. 797.) The decisive facts were for the most part undisputed, and the affidavits furnished an ample basis for the determination had herein. Hagarty, Carswell and Johnston, JJ., concur; Close, P. J., and Aldrich, J., dissent, with the following memorandum: Appellant has been adjudged guilty of a contempt " in that he harbored in his home the children of the plaintiff and the defendant when defendant was entitled to their possession," with knowledge of the existence of the court orders and with the further knowledge that the plaintiff was violating the said orders. The fact that the children were permitted to remain in the home after October 3, 1943, continuously down to the time when the contempt order was granted, is conceded in the record. The appellant, however, in his

opposing affidavit, specifically denied that he advised, solicited or procured the plaintiff so to retain the children, or that he in any way participated in such retention, or that he in any way committed any act by which he affirmatively became a party to such retention by her. The mere fact that the children remained in the home of both parties, without some evidence that it was due either to the advice, solicitation or procurement of appellant, or that he encouraged their retention by his wife or in some manner made himself an active participant in her violation of the orders, would not justify an adjudication in contempt against him. Since the inferences to be drawn from the mere fact of the children remaining in the home are sharply in dispute, such matters should be determined after a hearing, where the details of the transaction and the circumstances in connection therewith can better be determined. (*New York Life Ins. Co.* v. *Guttag Corp.*, 265 N. Y. 292.) While the record does not show that demand for a hearing was made by anybody, in the interests of justice the questions of fact should be decided in that manner and not merely upon conflicting affidavits. [See 269 App. Div. 667.]