Nathaniel T. Helmah, J.
This is h motion to punish defendant for a contempt of court by virtue of her failure to comply with the terms and provisions of a final judgment entered in this action on December 5, 1961, which directed her to pay to plaintiff the sum of $22,421.21.
*906 Plaintiff instituted this action on November 3, 1958, seeking an accounting of the funds held by the defendant as executrix of the estate of one Lewis W. Bazar9 a resident of Montreal, Canada.
The action came on for trial on the 15th day of September, 1960. The trial consumed eight days and after an adjournment was finally concluded on December 16, 1960.
Upon the conclusion of the trial the court made its findings of fact and conclusions of law, holding that ‘ ‘ the defendant, by accepting appointment as sole executrix, entered into a fiduciary relationship with all parties interested in the estate of the decedent, and undertook, as such fiduciary, to administer the estate, and after payment of funeral and administration expenses, debts and taxes, to distribute the net assets thereof to those entitled thereto in accordance with the laws of the Province of Quebec.”
The court made a further finding that “ Plaintiff is the sole heir of decedent with respect to any property not disposed of by decedent’s will” and as to plaintiff’s present rights that there remained a lapsed legacy equivalent to 10% of the entire estate and that plaintiff as the sole heir would be entitled thereto.
Accordingly, an interlocutory judgment was entered in favor of the plaintiff on February 6, 1961, providing for the appointment of a Referee, to take and state the account and report to the court the amount with which the defendant was chargeable as executrix and upon the coming in of said report that plaintiff have judgment in that amount and that defendant be directed to pay same to plaintiff.
A hearing was held by the Official Referee on September 22, 1961. The Referee filed his' report on November 6, 1961, and found that as a result of the defendant’s breach of fiduciary obligation she owed the plaintiff the sum of $22,421.21.
Final judgment was entered on December 5, 1961 decreeing “ that defendant is chargeable as executrix with respect to the distributive share of the plaintiff therein * * * a total sum of $22,421.22, and the defendant is hereby directed forthwith to pay over said sum to the plaintiff; ”.
A certified copy of the judgment, with notice of entry, was duly served on the defendant on January 1, 1962.
An appeal taken from the interlocutory judgment was never perfected. The appeal by defendant from the final judgment has similarly never been perfected and no steps have been taken other than the service of a notice of appeal. The time to serve the printed case has expired.
*907 Since the decree provided for forthwith payment and a certified copy of the decree having been duly served on defendant on January 1, 1962, time to comply with the terms of the final judgment has expired and plaintiff therefore seeks to punish defendant for contempt of court.
In opposition to this motion defendant urges (1) that she has an appeal pending; (2) that she is not subject to the provisions of subdivision 5 of section 505 of the Civil Practice Act.
Defendant’s contention that she has a meritorious appeal can not be considered upon this motion. In Oesterreicher v. Oesterreicher (70 N. Y. S. 2d 647, 650) the court reviewed the effect of a pending appeal upon a motion to punish for contempt in the following language: ‘ ‘ Assuming, however, without deciding that there is some merit to the appeal, such fact is insufficient to bar this motion to punish for contempt. People ex rel. Day v. Bergen, 53 N. Y. 404; Danziger v. Gottlieb, 156 App. Div. 571, 141 N. Y. S. 361; In re Landau, 230 App. Div. 308, 243 N. Y. S. 732. Moreover, when it is clear that the court had jurisdiction the judgment will not be reviewed in a contempt proceeding. Clark v. Bininger, 75 N. Y. 344, 350, 351; Matter of Empire State Surety Co., 164 App. Div. 586, 589, 150 N. Y. S. 398, 400, 401.”
The applicability of subdivision 5 of section 505 of the Civil Practice Act is challenged by defendant. She urges that even though a sum of money may be due from a person acting as a fiduciary, the default must be willful or in dereliction of her duty as a fiduciary before she can be punished for contempt.
I am of the opinion that the facts in this case bring defendant squarely within the provisions of subdivision 5 of section 505 of the Civil Practice Act. That section, insofar as pertinent here, reads:
“ In any of the following cases a judgment may be enforced by serving a certified copy thereof upon the party against whom it is rendered, or the officer or person who is required thereby or by law to obey it; and, if he refuses wilfully or neglects to obey it, by punishing him for a contempt of the court: * * *
“ 5. Where the judgment requires a trustee or person acting in a fiduciary relationship to pay a sum of money for a wilfull default or dereliction of his duty. In a case specified in this subdivision, if the judgment is final, it may be enforced as prescribed in this section ”.
The provisions of this section have been satisfied in that the trial court found that the defendant stands in a fiduciary relationship and as such was directed to pay to the plaintiff a specific sum of money. The decretal paragraphs previously set forth, *908 the decision, and findings, leave no doubt that the defendant was willfully derelict in her duty as a fiduciary and upon her failure to make the payment as directed is in contempt of court.
Accordingly, the plaintiff’s motion to punish the defendant for contempt is granted and defendant is fined the sum of $22,421.21. She may purge herself of contempt by paying this sum within 15 days after service of a copy of the order to be entered hereon, with notice of entry, and upon her failure to pay within said time an order may be entered herein ex parte upon the affidavit of the moving party committing the defendant.