Milton Mollen, J.
This is a motion by plaintiff to punish defendant for contempt.
After trial before Mr. Justice Kleinfeld it was determined that when plaintiff conveyed to defendant, his brother, a certain parcel of real property on June 30, 1947, it was pursuant to an arrangement whereby defendant would hold title to the property for plaintiff’s benefit until plaintiff would recover from his mental illness at which time defendant Avould reconvey. The court, therefore, found that defendant was a constructive trustee and directed him to account for the income and the proceeds of the sale of the premises which occurred on August 1, 1958.
An interlocutory judgment directing the accounting was entered on July 29, 1966. It provided that if objections thereto were filed the issues with respect thereto were to be determined by the Justice presiding at Special Term, Part III at the time •the matter appeared on the calendar for trial. After trial of the issues relevant to the accounting and objections, Mr. Justice Beckinella, on June 26,1969, directed the entry óf a final judgment surcharging defendant the sum of $8,262.56, and directed defendant to pay said sum to plaintiff within 10 days after service of a copy of the judgment with notice of entry.
Defendant on September 19, 1969 caused to be sent to plaintiff’s attorney a check for $262.50 which was returned, and a request to be permitted to pay the judgment in installments was rejected.
Plaintiff presently moves for an order adjudging the defendant in contempt for failure to comply with the final judgment which directed payment within 10 days, demanding full and immediate payment of the sum of $8,262.56 with interest at *965 7%% per annum from June 26, 1969, and for counsel fees of $500 for making the motion.
A threshold issue to be resolved by the court is whether in the first instance the judgment is enforceable by contempt proceedings. From a review of the authorities it is concluded that plaintiff may resort to such proceedings pursuant to CPLR 5105 (subd. 2) since the judgment in effect directs defendant who acted in “ a fiduciary relationship to pay a sum of money for a willful default or dereliction of his duty.” This conclusion is predicated on the recommendation contained in the report of the Judicial Council of 1947 (Thirteenth Annual Report of N. Y. Judicial Council, 1947, pp. 242-246). This recommendation was directed at decisional law which denied enforcement by contempt against a fiduciary who willfully refused or neglected to pay a judgment against him for a default in his trust. The recommendation was adopted by the Legislature and enacted as subdivision 5 of section 505 of the Civil Practice Act and was incorporated in CPLR 5105 (subd. 2). The statute is also applicable to cases involving constructive trustees (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5105.07; Pieper v. Renke, 4 N Y 2d 410; Matter of Storm, 28 A D 2d 290; Gluck & Co. v. Tankel, 12 A D 2d 339; 40 St. John’s L. Rev. 346).
The holding in Matter of Eckert (1 A D 2d 968 [2d Dept.]) does not require a contrary result. That holding implies that the judgment itself must contain an adjudication that the fiduciary be required to pay the money in question ‘ ‘ for willful default or dereliction of his duty.” This holding appears to have been rejected by the Court of Appeals in Pieper v. Renke (4 N Y 2d 410) which reversed the Appellate Division which in its memorandum opinion (2 A D 2d 994 [2d Dept.]) had cited and relied on Matter of Eckert (supra).
In Lefkowitz v. Grosswald (33 Misc 2d 905, affd. 16 A D 2d 889 [1st Dept.]) defendant was adjudged in contempt. The judgment which it was claimed had been violated did not contain on its face an adjudication that defendant had been guilty as a fiduciary of a “ willful default or dereliction of his duty. ’ ’ However, in the findings and conclusions it was determined by the trial court that defendant was a fiduciary and directed her to account. An examination of the brief submitted in the appeal to the Appellate Division by defendant reveals that defendant cited and relied on the holding in the Eckert case (supra). Nevertheless, the Appellate Division affirmed.
The holding in National Sur. Corp. v. Silver (23 A D 2d 398) is inapplicable. In that case defendant, who had been bonded by plaintiff, embezzled various sums of money from his employer *966 over a period of 34 months. He consented to the entry of a judgment in favor of plaintiff who had reimbursed the employer and claimed a right of subrogation. The majority of the Appellate Division reversed the order of Special Term which had denied plaintiff’s application to punish defendant for contempt. Mr. Justice Eager in an opinion dissented on the grounds that: (1) defendant was not entrusted by his employer with a specific sum, (2) that defendant did not stand in a fiduciary relationship with the plaintiff surety company, and (3) that there was “ no statement in the judgment or finding by the court that the defendant did willfully breach a fiduciary duty in converting funds received in a fiduciary capacity. ’ ’ The Court of Appeals reversed on the dissenting opinion of Mr. Justice Eager (17 N Y 2d 477). In the case sub judice there is an express finding in the decision of Mr. Justice Kleiisteeld that the defendant was a constructive trustee of the premises conveyed to him by plaintiff and of the income and proceeds of the sale of the prop-' erty which he converted to his own use. Plaintiff is therefore entitled to resort to the remedy afforded him by CPLR 5105 (subd. 2).
In opposition to the motion, defendant sets forth facts in support of his contention that due to illness, lack of assets, the existence of other obligations and a limited income he was unable to pay the amount due within 10 days as directed by the final judgment. Under the decision in Schmohl v. Phillips (138 App. Div. 279), the financial inability of a party to comply with a judgment enforceable by contempt was held to be no defense and that his sole relief was to apply pursuant to section 775 of the Judiciary Law to be discharged from imprisonment. That holding, however, was explicitly repudiated in Matter of Storm (28 A D 2d 290) on the theory that a party is not entitled to an order adjudicating a defaulting fiduciary in contempt as a matter of right, but that the remedy lies in the sound discretion of the court, and that ‘ ‘ upon an application for a contempt adjudication, the court should exercise its judicial discretion broadly to accomplish justice on the basis of all facts and circumstances bearing upon the nature and willfulness of the respondent’s conduct.” (p. 293). The Appellate Division remanded the matter to Special Term to afford the defendant an opportunity to submit £ £ affidavits or other proofs establishing his alleged good faith in his efforts to comply with the prior order and his alleged inability to make payment of the balance of the moneys ” (p. 295).
This court, in following the enlightened view of the Appellate Division in Matter of Storm (supra), set the matter down for *967 hearing. The evidence adduced establishes that the defendant owns a 60% interest in a corporation performing electrician services. He had previously been the sole stockholder of that corporation, but due to a congestive heart failure suffered on June 30, 1967 he was unable to return to work until October, 1968 and since then is limited primarily to performing paper work. As a result he was required to sell a 40% interest in the business to one Richard Boyko, who paid $2,300 down and the balance of $7,700 is to be paid within 5 years out of the profits of the business, if any, the stock in the interim being held in escrow. The testimony revealed that no profits have been earned to date. Defendant’s right to collect the balance due under the contract of sale was assigned by him to another brother, Philip, as security for a loan of $10,000 necessitated by defendant’s protracted illness. He is also in debt in the sum of $4,000 for moneys loaned to him by a sister during that period of time. Defendant has three children to support. His wife earns about $4,700 a year. His income for 1966 was approximately $2,000; in 1967 it was nil and in 1968 amounted to about $5,400. At the present time he and his associate each draw $200 a week from the business.
Defendant’s primary tangible asset is a one-family home, located in the State of New Jersey, owned by his wife and himself as tenants by the entirety, valued at approximately $40,000, in which they have a substantial equity. Plaintiff contends that this establishes that defendant has sufficient assets to satisfy the judgment. This argument overlooks the fact that the property is owned by plaintiff as a tenant by the entirety with his wife and that defendant lacks the power to compel her to join in a conveyance. If, as plaintiff contends, the property was acquired by the res of the trust, his remedy is by a plenary suit in New Jersey and cannot be reached on a motion in this action.
The court concludes that defendant has sustained the burden of proof as required by Matter of Storm (supra) and that he is unable to pay the judgment in full at the present time. He should, however, be directed “to make installment payments reasonably proportionate to his assets and gross income and the burdens he must bear with respect to his dependents.” (National Sur. Corp. v. Silver, 23 A D 2d 398, 402, supra.)
Accordingly, defendant is adjudged in contempt and fined the sum of $8,262.56, with interest at 7%% (Jamaica Sav. Bank v. Giacomantonio, 59 Misc 2d 704), but without costs. He may, however, purge himself of contempt by paying $2,000 within 15 days after service of a copy of the order to be entered, on his attorney, with notice of entry, and $175 on March 1, 1970 and a *968 like sum on the first day of each month thereafter until the full amount shall have been paid, together with interest.
The motion, insofar as it seeks a counsel fee, is denied. There is no provision in the law for such relief.